Keith D. Klein, California Bar No. 184846
keith.klein@bryancave.com
Louise Nutt, California Bar No. 273130
Louise.nutt@bryancave.com
**BRYAN CAVE LLP**
120 Broadway, Suite 300,
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Timothy M. Reynolds, *Pro Hac Vice*
timothy.reynolds@bryancave.com
**BRYAN CAVE LLP**
1801 13th Street, Ste. 300
Boulder, CO 80302
Telephone: (303) 444-5955
Facsimile: (303) 417-8550

Attorneys for Plaintiff and Counter-Defendant
TOTALLYHER MEDIA, LLC

Bryan Cave LLP
120 Broadway, SUITE 300
Santa Monica, California 90401-2386

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

TOTALLYHER MEDIA, LLC,

Plaintiff,

vs.

BWP MEDIA USA INC.,

Defendants.

Case No. 2:13-cv-08379-AB-PLAx

Hon. André Birotte Jr.

**STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of TOTALLY HER MEDIA, LLC and BWP MEDIA USA INC. and upon a showing of good cause in support of the entry of a Protective Order to protect confidential information in this case, IT IS ORDERED:

**GOOD CAUSE STATEMENT**

There is good cause for entry of a protective order pertaining to the documents and information described in this order, which is information constituting or relating to trade secrets or to confidential and proprietary information the disclosure of which would implicate common law or statutory privacy interests or result in competitive or other business injury to the disclosing party. This order specifically, but not exclusively, includes the protection of financial information, confidential agreements, and licensing information of the parties.

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure deemed to be “Confidential Information” as that term is defined herein.

2. As used in this Protective Order, “document” is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. “Confidential Information” shall mean non-public documents or materials that the producing party deems in good faith to comprise or contain information constituting or relating to trade secrets or to confidential and proprietary information the disclosure of which would implicate common law or statutory privacy interests or result in competitive or other business injury to the disclosing party, such as, without limitation, confidential business information (including, for example, business plans, business strategies, business methods, business records, negotiations, and agreements), financial information (including, for example,

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

budgeting, accounting, and sales and expenditures figures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, and distributors), and personnel information (including, for example, compensation, evaluations and other employment information).

4. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case. Counsel for the parties may designate information as "Confidential" only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection.

5. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) Outside and in-house counsel for the parties;

(b) persons regularly employed or associated with outside and in-house counsel for the parties actively working on the case whose assistance is required by said counsel in the preparation for trial, at trial, or at other proceedings in this case;

(c) directors, officers, employees or other representatives of a party to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action, or during this action if obtained independently and not in violation of this Protective Order; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any Confidential Information to any person listed above under paragraphs 5(c), (d), and (h), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written declaration in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such declarations shall be retained by counsel and shall be subject to in camera review by the Court upon a showing of good cause.

7. Where Confidential Information is produced, provided, or otherwise disclosed by a party, it shall be designated in the following manner:

(a) By imprinting the word “Confidential” on the first page or cover of any document produced;

(b) By imprinting the word “Confidential” next to or above any response to a discovery request; and

(c) With respect to transcribed testimony, by giving notice of such designation during the testimony whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. In the event of a dispute regarding the designation or disclosure of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the parties want to file the joint stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the joint stipulation or portions thereof should be filed under seal.

9. If a designating party discloses any Confidential Information without designating or marking the Confidential Information as “Confidential,” the

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

designating party may subsequently inform the receiving parties of the confidential nature of the disclosed Confidential Information, and the receiving parties shall treat the disclosed Confidential Information as "Confidential" upon receipt of written notice from the designating party. Disclosure of such Confidential Information to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, the receiving parties shall take the steps necessary to conform distribution to the "Confidential" designation, e.g., by retrieving all copies of the Confidential Information, or notes or extracts thereof, in the possession of the person not authorized under this Order to possess such Confidential Information and advising the person to whom disclosure was made that the material is Confidential Information and should be treated as provided in the Order.

10. Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material. If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within five (5) business days upon discovery of the disclosure, so advise the receiving parties in writing, request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the receiving parties will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days of receipt of a written request for the return of the documents or material.

11. If any party intends to file a pleading or other document with the Court which contains Confidential Information, that party must first follow the filing procedures set forth in the Central District Local Rules, and all other applicable

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

rules and procedures to request that such Confidential Information be filed under seal. If Confidential Information is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers—or the confidential portion thereof—under seal; the application must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

12. Once a case proceeds to trial, all of the court-filed information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial. The parties understand that otherwise, the Court will not enter a protective order that extends beyond the commencement of trial.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

**EXHIBIT A**

**DECLARATION**

_______________________________________, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *TotallyHer Media, LLC v. BWP Media USA, Inc.* Case No. 2:13-cv-008379-AB-PLAx, a copy of which is attached to this Declaration.

2. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than for the civil action referenced above.

3. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

4. I will abide by the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on (date): _________________

Signature:__________________________________

Print or Type Name:_________________________

Address:____________________________________

____________________________________

Telephone:__________________________________

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

FOR GOOD CAUSE SHOWN, the parties' Stipulated Protective Order as set forth above IS SO ORDERED.

Dated: September 8, 2014

Paul L. Abrams
United States Magistrate Judge